RAFII & ASSOCIATES, P.C.
Eber N. Bayona, SBN 244488
9100 Wilshire Boulevard, Suite 465E
Beverly Hills, California 90212
Telephone: 310.777.7877
Facsimile: 310.777.7855
E-service: TEAMEB@rafiilaw.com

Attorneys for Plaintiff
AUDLEY BROADLEY, JR.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDLEY BROADLEY, JR., an individual;<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA; UNITED STATES POSTAL SERVICE; VLADIMIR LOBODA, an individual; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR**<br>1. **Negligence - Statutory Liability**<br>2. **Negligence – Vicarious Liability**<br>3. **Negligent Entrustment**<br>4. **Negligent Hiring, Retention, Training, And Supervision** |

Plaintiff AUDLEY BROADLEY, JR., (hereinafter "Plaintiff"), as and for his complaint against Defendant, UNITED STATES OF AMERICA (hereinafter "USA"), Defendant UNITED STATES POSTAL SERVICE (hereinafter "USPS"), and Defendant VLADIMIR LOBODA (hereinafter "LOBODA"), and Defendant DOES 1 through 50, Inclusive alleges:

///

///

///

# GENERAL ALLEGATIONS

1. Plaintiff, resides now, and at all times relevant to this Complaint, in San Bernardino County.

2. At all times relevant herein, the Defendant THE UNITED STATES OF AMERICA is a governmental agency. The Defendant UNITED STATES POSTAL SERVICE was and is an agency of the Defendant USA.

3. Plaintiff is informed, believes, and thereon alleges, that at all relevant times hereto, Defendant VLADIMIR LOBODA was an employee of Defendants USA and USPS and was acting in the course and scope of his employment at the time of the alleged accident hereinafter described.

4. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff injuries as herein alleged were proximately caused by the aforementioned defendants.

5. Plaintiff is informed and believes, and thereon alleges, that at all times material herein each fictitiously named Defendant, was either the true defendant or the agent and employee of each other Defendant and in doing the things alleged herein, was acting within the scope and purpose of such agency and with the permission and consent of, and their actions were ratified by, the other Defendants.

6. UNITED STATES POSTAL SERVICE, THE UNITED STATES OF AMERICA, and VLADIMIR LOBODA, and DOES 1 through 50 may be collectively referred to as "Defendants".

7. At all times mentioned herein, Defendants were those owning, operating, controlling, repairing, modifying, and maintaining a certain fully marked USPS mail delivery truck, white in color (hereinafter referred to as "Defendants' Vehicle").

8. DOES 1 through 50, inclusive, are employees, agents, owners, joint venturers, managers, directors, and/or officers of Defendants. Plaintiffs are informed and believe and thereon allege that one or more of DOES 1 through 50, or some of them, are responsible for the harm suffered by Plaintiffs. DOES 1 through 50, in engaging in the conduct herein complained of, were at all times acting within the course and scope of their employment, agency, ownership, joint venture, management, or their status as an officer, director, or managing agent of Defendants. The precise identifies of DOES 1 through 50 are currently unknown to Plaintiffs, but Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained

**FACTS OF LOSS**

9. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 to 8.

10. At all times mentioned herein, Plaintiff was the restrained driver of a certain 2010 Nissa Murano, silver in color, bearing California license plate number 9BPW299 (hereinafter referred to as "Plaintiff's Vehicle").

11. On November 22, 2022, Plaintiff's Vehicle was at a complete stop at or near 13720 Bear Valley Rd, in the City of Victorville, California, when Defendants' Vehicle, driven by Defendant LOBODA, collided into the rear end of Plaintiff's Vehicle.

12. The operator/driver of Defendants' Vehicle, Defendant LOBODA, so carelessly, recklessly, and negligently operated, maintained, inspected, controlled, and drove Defendants' Vehicle so as to cause it to violently collide with Plaintiff's Vehicle.

13. As a direct and proximate result of the acts and omissions and negligence of Defendants, and each of them, Plaintiff necessarily employed physicians and surgeons for medical examination, treatment, and care of these injuries, and incurred medical and incidental expenses.

14. As a direct and proximate result of the acts and omissions and negligence of Defendants, and the injuries resulting therefrom, Plaintiff has been unable to carry out his usual occupation and will thereby suffer damages by reason of loss of income.

15. As a direct and proximate result of each and all of the aforesaid acts and omissions of the Defendants, Plaintiff's Vehicle sustained a currently unknown amount of damage.

16. As a direct and proximate, Plaintiff was deprived of the use of an automobile for a period of time, all to Plaintiff's further damage, according to proof.

## COMPLIANCE WITH FEDERAL TORT CLAIM ACT

17. Per the language of The Federal Tort Claim Act (hereafter "FTCA"): "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances…". (28 U.S. Code sec. 2674).

18. Section 912.3 (a) of the Code of Federal Regulations ("CFR"), which governs claims against the USPS according to Title 39 of United States Code section 409, establishes "that a **CLAIM** under the Federal Tort Claims must be brought within 2 years". (*emphasis added*).

19. 39 CFR sec. 912.3 (b) continues establishing the procedures for a properly presented grievance under the FTCA: "A **SUIT** must be filed within six months after the date…of **final denial** of the **CLAIM**." (*emphasis added*).

20. On October 2, 2023, Plaintiff submitted a claim exceeding $100,000.00 based on the allegations herein to the United States Postal Service for administrative settlement.

21. On March 20, 2024, The United States Postal Service acknowledged the submitted claim per 39 CFR Sec. 912.6 (C) and cited a six-month adjudication period for the claim per 28 U.S.C. Sec. 2675(a). The date of this extension expired on April 2, 2024.

///

22. The USPS did not send a letter accepting or denying the claim within the six of their adjudication period. To date, no communication was sent accepting or denying the claim. The silence in communication acts as a rejection by operation of law.

23. Plaintiff has complied with the requirements of the FTCA for the timely filing of claims. Such claims having been denied, Plaintiff hereby institutes the present lawsuit. (A true and correct copy of Defendant's claims acknowledgment letter is attached hereto as **Exhibit "1").**

## FIRST CAUSE OF ACTION
## NEGLIGENCE – STATUTORY LIABILITY
### [Plaintiff Against All Defendants]

24. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 to 23.

25. USA and USPS carelessly and negligently owned, operated, maintained, inspected, and controlled Defendants' Vehicle, and carelessly and negligently supervised, performed work, and selected, hired, engaged, retained, entrusted, and permitted Defendant LOBODA to operate Defendants' Vehicle.

26. Defendant LOBODA, during the course and scope of his duties, operated the Defendants' vehicle in such a way to cause our clients injuries in breach of State and Federal statutes.

27. Due to these acts and failures to act, Defendants proximately caused the injuries to Plaintiff under *California Vehicle Code* §§ 22350 and 21703, *Civil Code* § 1714(a), Gov. Code § 815.4, and Tort Claims Act, 28 U.S.C. § 2671, *et seq*.

28. As a direct and proximate result of the acts and omissions and negligence of Defendants, and each of them, Plaintiff necessarily employed physicians and surgeons for medical examination, treatment, and care of these injuries, and incurred medical and incidental expenses. It is anticipated that Plaintiff will likely incur additional expenses in the future, all in amounts presently unknown to him. Plaintiff

therefore asks leave of the court either to amend this complaint to show the amount of their medical expenses, when ascertained, or to prove that amount at trial.

29. As a direct and proximate result of the acts and omissions and negligence of Defendants, and each of them, Plaintiff received severe injuries to his body and shock and injuries to his nervous system, all of which caused, and continue to cause, him severe pain and discomfort. Plaintiff is informed, believes, and based upon such information and belief alleges, that he will in the future suffer severe mental, physical, and nervous pain and suffering, all to his general damage as a result of the collision alleged herein, in a sum according to proof at the time of trial.

30. As a direct and proximate result of the acts and omissions and negligence of Defendants, and the injuries resulting therefrom, Plaintiff has been unable to carry out his usual occupation and will thereby suffer damages by reason of loss of income; the exact and reasonable amount of said loss of income is unknown to Plaintiff, who will ask leave of the court either to show the amount of Plaintiff's lost earnings, when ascertained, or to prove that amount at trial.

31. As a proximate result of each and all of the Defendants' aforesaid acts and omissions, Plaintiff's Vehicle sustained a currently unknown amount of damage.

32. By reason of said collision, Plaintiff was deprived of the use of an automobile for a period of time, all to Plaintiff's further damage, according to proof.

## SECOND CAUSE OF ACTION

## NEGLIGENCE – VICARIOUS LIABILITY

### [Plaintiff Against All Defendants]

33. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 to 32.

34. USA and USPS carelessly and negligently owned, operated, maintained, inspected, and controlled Defendants' Vehicle, and carelessly and negligently supervised, performed work, and selected, hired, engaged, retained, entrusted, and permitted Defendant LOBODA to operate Defendants' Vehicle.

35. Defendant LOBODA, during the course and scope of his duties, operated the Defendants' vehicle in such a way to cause our clients injuries in breach of his duties to the public and in breach of common law negligence.

36. LOBODA's negligence is imputed upon the USPS and USA as he is their agent.

37. Due to these acts and failures to act, Defendants proximately caused the injuries to Plaintiff under *California Vehicle Code* §§ 22350 and 21703, *Civil Code* § 1714(a), and Tort Claims Act, 28 U.S.C. § 2671, *et seq*.

38. As a direct and proximate result of the acts and omissions and negligence of Defendants, and each of them, Plaintiff necessarily employed physicians and surgeons for medical examination, treatment, and care of these injuries, and incurred medical and incidental expenses. It is anticipated that Plaintiff will likely incur additional expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave of the court either to amend this complaint to show the amount of their medical expenses, when ascertained, or to prove that amount at trial.

39. As a direct and proximate result of the acts and omissions and negligence of Defendants, and each of them, Plaintiff received severe injuries to his body and shock and injuries to his nervous system, all of which caused, and continue to cause, him severe pain and discomfort. Plaintiff is informed, believes, and based upon such information and belief alleges, that he will in the future suffer severe mental, physical, and nervous pain and suffering, all to his general damage as a result of the collision alleged herein, in a sum according to proof at the time of trial.

40. As a direct and proximate result of the acts and omissions and negligence of Defendants, and the injuries resulting therefrom, Plaintiff has been unable to carry out his usual occupation and will thereby suffer damages by reason of loss of income; the exact and reasonable amount of said loss of income is unknown to Plaintiff, who will ask leave of the court either to show the amount of Plaintiff's lost earnings, when ascertained, or to prove that amount at trial.

41. As a proximate result of each and all of the aforesaid acts and omissions of the Defendants, Plaintiff's Vehicle sustained a currently unknown amount of damage.

42. By reason of said collision, Plaintiff was deprived of the use of an automobile for a period of time, all to Plaintiff's further damage, according to proof.

## THIRD CAUSE OF ACTION

## NEGLIGENT ENTRUSTMENT

**[BY PLAINTIFFS Against Defendants USA, USPS and DOES 1 through 50, INCLUSIVE]**

43. Plaintiffs re-allege and incorporates by reference the allegations of paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. Plaintiff is informed and believes, and thereon alleges, that Defendants USA and USPS, and DOES 1 through 50, inclusive, entrusted the subject commercial vehicle to Defendant LOBODA, and that LOBODA was driving Defendants' Vehicle at the time of the subject accident which was being used for official purposes and gave rise to this lawsuit.

45. Plaintiff is informed and believes, and thereon alleges, that Defendants USA and USPS, and DOES 1 through 50, inclusive, actually knew or should have known that Defendant LOBODA was unfit and incompetent to drive a commercial vehicle that would create an unreasonable risk of harm to others and led to Plaintiff's injuries and related damages.

46. Plaintiff is informed and believes, and thereon alleges, that Defendants USA and USPS, and DOES 1 through 50, inclusive, had the opportunity and ability to control the conduct of Defendant LOBODA, but failed to do so and allowed their "unfit" driver to operate their official vehicle at issue to this lawsuit.

47. Plaintiff is informed and believes, and thereon alleges, that Defendants USA and USPS, and DOES 1 through 50, inclusive, were negligent because they failed to exercise reasonable care to prevent Defendant LOBODA's reckless conduct.



RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

48. Plaintiff is informed and believes, and thereon alleges, that the aforementioned negligent entrustment of said official vehicle by Defendants USA and USPS, and DOES 1 through 50, inclusive, directly and proximately caused or contributed to causing the subject official vehicle to collide with Plaintiff as complained of herein.

49. As a direct and proximate result of the acts and omissions of Defendants USA and USPS and DOES 1 through 50, inclusive, and each of them, and each of them, Plaintiff was injured in his health, strength, and activity, sustaining injuries to his body and person, all of which said injuries have caused and continue to cause Plaintiff great physical and mental pain and suffering. Plaintiff is informed and believes, and thereon alleges, that these injuries will result in some permanent disability to him, all to his general damage in an amount which will be stated according to proof at trial.

50. As a direct and proximate result of the acts and omissions of Defendants USA and USPS, and DOES 1 through 50, inclusive, and each of them, and the injuries resulting therefrom, Plaintiff necessarily employed physicians and surgeons for medical examination, treatment, and care of these injuries, and incurred medical and incidental expenses. Plaintiff will also have to incur additional like expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave of the Court either to amend this complaint to show the amount of his medical expenses, when ascertained, or to prove that amount at trial.

51. As a direct and proximate result of the acts and omissions of Defendants USA and USPS and DOES 1 through 50, inclusive, and each of them, and each of them, and the injuries resulting therefrom, Plaintiff has been unable to carry out his usual occupations and will thereby suffer damages by reason of loss of income; that the exact and reasonable amount of said loss of income is unknown to Plaintiff, who will ask leave of the court either to show the amount of Plaintiff's lost earnings when ascertained or to prove that amount at trial.

52. As a proximate result of each and all of the aforesaid acts and omissions of the Defendants, Plaintiff's Vehicle sustained a currently unknown amount of damage.

53. By reason of said collision, Plaintiff was deprived of the use of an automobile for a period of time, all to Plaintiff's further damage, according to proof.

## FOURTH CAUSE OF ACTION

## NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION

## [BY PLAINTIFFS Against Defendants USA, USPS and DOES 1 through 50, INCLUSIVE]

54. Plaintiffs re-allege and incorporates by reference the allegations of paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55. At all times mentioned herein, the Defendants USA and USPS and DOES 1 through 50, inclusive, and each of them, hired, trained, retained, supervised and/or controlled the actions of Defendant LOBODA.

56. Defendants USA and USPS and DOES 1 through 50, inclusive, and each of them, owed the general public a duty of reasonable care in the hiring, retaining, training, and supervision of its employees including but not limited to Defendant LOBODA, inclusive.

57. Defendants USA, USPS, and DOES 1 through 50, inclusive, and each of them, did breach their duty of care and were negligent in the hiring, retention, training, and/or supervision of Defendant LOBODA who was unfit to be a mail carrier, and who was not adequately trained or supervised in his driving. Defendants USA, USPS and DOES 1 through 50, inclusive, and each of them, knew or should have known that Defendant LOBODA would drive in a manner which would lead to a risk of the very type of danger and harm that occurred on November 22, 2022.

58. As a direct and proximate result of the acts and omissions of Defendants USA, USPS and DOES 1 through 50, inclusive, and each of them, Plaintiff was injured in his health, strength, and activity, sustaining injuries to his body and person,

1  all of which said injuries have caused and continue to cause Plaintiff great physical
2  and mental pain and suffering. Plaintiff is informed and believes, and thereon alleges,
3  that these injuries will result in some permanent disability to him, all to his general
4  damage in an amount which will be stated according to proof at trial.

5       59.   As a direct and proximate result of the acts and omissions of Defendants
6  USA, USPS and DOES 1 through 50, inclusive, and each of them, and the injuries
7  resulting therefrom, Plaintiff necessarily employed physicians and surgeons for
8  medical examination, treatment, and care of these injuries, and incurred medical and
9  incidental expenses. Plaintiff will also have to incur additional like expenses in the
10 future, all in amounts presently unknown to him.  Plaintiff therefore asks leave of the
11 Court either to amend this complaint to show the amount of his medical expenses,
12 when ascertained, or to prove that amount at trial.

13      60.   As a direct and proximate result of the acts and omissions of USA, USPS
14 and DOES 1 through 50, inclusive, and each of them, and each of them, and the
15 injuries resulting therefrom, Plaintiff has been unable to carry out his usual occupation
16 and will thereby suffer damages by reason of loss of income; that the exact and
17 reasonable amount of said loss of income is unknown to Plaintiff, who will ask leave
18 of the court either to show the amounts of Plaintiff's lost earnings, when ascertained,
19 or to prove that amount at trial.

20      61.   As a proximate result of each and all of the aforesaid acts and omissions
21 of the Defendants, Plaintiff's Vehicle sustained a currently unknown amount of
22 damage.

23      62.   By reason of said collision, Plaintiff was deprived of the use of an
24 automobile for a period of time, all to Plaintiff's further damage, according to proof.

25
26 ///
27 ///
28 ///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

(1) For economic damages, including lost wages, lost employee benefits, medical expenses, loss of property, deprivation of enjoyment and us of property, and other economic obligations incurred according to proof at trial;

(2) For non-economic damages, including physical pain and suffering, loss of enjoyment of life and anxiety associated with his injuries;

(3) For pre-judgment interest at the maximum legal rate;

(4) For post-judgment interest at the maximum legal rate;

(5) For costs of suit herein incurred;

(6) For such other relief that at the Court may deem just and proper.

DATED: November 19, 2024                    Respectfully submitted,

**RAFII & ASSOCIATES, P.C.**

By: *Eber Bayona*
_____
EBER BAYONA, ESQ.
Attorneys for Plaintiff
AUDLEY BROADEY, JR.,

# EXHIBIT 1

LAW DEPARTMENT
NATIONAL TORT CENTER


UNITED STATES
POSTAL SERVICE

March 20, 2024

Mr. Taimur Qazi
Rafii & Associates, P.C.
9100 Wilshire Blvd., Suite 465E
Beverly Hills, CA 90212

Re:   Claimant:            Audley Broadey, Jr.
      Date of Incident:    November 22, 2022
      NTC File No.:        NT202410972

Dear Mr. Qazi:

Please be advised that the above-referenced matter which was presented on behalf of Audley Broadey, Jr. with the United States Postal Service on October 2, 2023 has been assigned to the National Tort Center for adjudication.

This matter will be adjudicated as soon as possible; however, please be advised that pursuant to the Federal Tort Claims Act (28 U.S.C. §1346), the Postal Service has six (6) months from October 2, 2023 in which to complete its adjudication. Federal law mandates that "an action shall not be instituted" unless the plaintiff has filed an administrative claim and either obtained a written denial or waited six months. 28 U.S.C. §2675(a). Accordingly, once a valid claim is received by the Postal Service, the time period to file litigation does not begin until such time as a written denial is issued by the Postal Service or alternatively, Claimant may file, but is not required to file litigation, no sooner than six months from the date of presentment. State statute of limitations do not apply to FTCA matters.

As set forth in the instruction section of the SF-95, a claimant is required to provide documentation to support his/her claim. Based upon an initial review of this claim, please provide the following at your earliest opportunity:

☒Nothing additional needed at this time

Any additional information and/or documentation supporting Claimant's matter should be provided to me directly, preferably via email in PDF format for most efficient transmittal and handling. My email address is set forth below. **Please note that the Department of Justice regulations and the Postal Service regulations regarding the presentment of tort claims do not provide for the presentment of electronic tort claims or electronic amended tort claims. Accordingly, the email address below may only be used for submission of supporting documentation and/or communication regarding this claim, and *never* for submission of tort claims or amended tort claims which must be presented as set forth in the regulations. See 28 CFR Part 14; 39 CFR Part 912.** Also please note that the Postal Service does not allow us to access drop boxes or other such electronic formats to obtain documentation; accordingly, to provide documentation in electronic format, you must email it directly to me in PDF format. Alternatively, if necessary, you may provide supporting documentation via mail to my attention to the National Tort

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO 63155-9948
TEL: 314/345-5820
FAX: 314/345-5893

Center, United States Postal Service, 1720 Market Street, Room 2400, St. Louis, Missouri 63155-9948. However, mailing the documentation may cause delays in the adjudication of this matter due to additional processing time necessitated by paper documents.

Please note: The United States Postal Service is not insured with any automobile insurance carrier, does not carry uninsured or underinsured motorist coverage and is not a self-insured entity. To the extent that the United States Postal Service is found liable for damages under the provisions of the Federal Tort Claims Act ("FTCA"), payment of any judgment is made from its general fund.

Be assured that the Postal Service works diligently to adjudicate all claims within the six month time period; however, it is possible that it might take a bit longer for us to be able to complete a thorough evaluation and consideration of this claim. You may contact the National Tort Center at any time to obtain a status on this claim. Furthermore, if you have not heard from the National Tort Center prior to expiration of the six month adjudication period, please do contact me for a status update prior to filing litigation.

Sincerely,

*[signature]*

Meenakshi Ahuja
Tort Claims Examiner/Adjudicator
Tel: 720/221-5135
E-Mail: meenakshi.ahuja@usps.gov

/tw

cc:   Carina Caballes
      Tort Claims/Collections Specialist
      File No. 920-23-00567019A